UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGG CRAWFORD,

        Plaintiff,

v.

TIME WARNER CABLE INC.,

        Defendant.
_____/

Case No. 12-11572
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 29, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 17]. The parties have fully briefed the Motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process will not be aided by oral argument. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without the Court entertaining oral argument. For the reasons that follow, Defendant's Motion is GRANTED.

### II. BACKGROUND

Plaintiff alleges that his application for a credit card was denied based solely on inaccurate information reported by Credit Protection Association, L.P. ("CPA")[1]. CPA is a collection agency that

---

[1] CPA was dismissed from this case upon stipulation of the parties on July 16, 2013. *See* Dkt. 27.

was hired by Defendant Time Warner Cable, Inc. ("TWC")[2] to collect an outstanding balance on an account opened in Texas using Plaintiff's name and social security number.  Plaintiff asserts—and TWC does not deny—that he never had an account with, or used the services of, TWC.  Plaintiff surmises that he was the victim of identity theft.

Plaintiff undertook various attempts to dispute the outstanding balance by contacting Trans Union, a credit reporting company, and also submitted to TWC an Affidavit of Identity Theft disputing the account in question.  Plaintiff alleges that CPA and TWI nevertheless failed to correct the adverse credit information.

Plaintiff filed suit against CPA and TWI (later amended to TWC) in Michigan Lenawee County Circuit Court, on February 21, 2012.  CPA removed the case to this Court on April 6, 2012.  Plaintiff filed his first amended Complaint on September 18, 2012, setting forth the following Counts:  Count I – Fair Credit Reporting Act ("FCRA") Violation against CPA; Count II – Defamation against CPA; Count III – Misrepresentation against TWC; Count IV – Violation of the Michigan Consumer Protection Act ("MCPA") against TWC; and Count V – Negligence against TWC.

On July 16, 2013, the parties stipulated to dismiss CPA from the case.  In his response to the instant Motion, Plaintiff withdrew Counts III and IV against TWC.  *See* Dkt. 18 at p. 6.  As such, the sole issue before the Court is Plaintiff's Negligence claim against TWC.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor.  *See*

---

[2] Plaintiff's original complaint mistakenly identified "Time Warner, Inc." ("TWI") as the creditor attempting to collect the debt. TWI and TWC, however, are distinct legal entities that have no affiliation with each other.  Recognizing that he sued an entity that had no connection to this dispute, Plaintiff filed an Amended Complaint, which contains allegations identical to those asserted in the original Complaint with the exception that Plaintiff substituted references to TWC in place of all prior references to TWI.

*Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

### IV. ANALYSIS

**A. NEGLIGENCE CLAIM**

Plaintiff claims TWC owed him "a duty to authenticate and insure the accuracy of [Plaintiff's] personal information which [TWC] obtained. Because of [TWC's] failure to reasonably scrutinize this information, Plaintiff suffered damage to his credit, a reduced credit score, and was specifically denied credit." Defendant argues that Michigan law recognizes no such duty.

A plaintiff alleging negligence must demonstrate, among other things, a duty owed to the plaintiff by the defendant. *Case v. Consumers Power Co.*, 463 Mich. 1, 6, 615 N.W.2d 17, 20 (2000). The issue of "whether a duty exists is one of law for the court's resolution." *Welke v. Kuzilla,* 144 Mich.App. 245, 375 N.W.2d 403 (1985). Duty "arises from the relationship of the parties and involves a determination of whether the defendant has any obligation to avoid negligent conduct for the benefit of the plaintiff."

3

*Duvall v. Goldin*, 139 Mich.App. 342, 362 N.W.2d 275, 277 (1984). The existence of a duty is a separate inquiry from "the nature or extent of the actor's obligation" with respect to that duty. *Id.*

The Court finds that TWC owed no duty to Plaintiff and that his claims must accordingly fail. Plaintiff was never a customer of TWC, nor is there any indication that they otherwise had any relationship. Under similar circumstances, other courts have declined to impose on issuers of credit a duty to prevent an identity thief's use of a non-customer's personal information. *See, e.g., Chaney v. Dreyfus Service Corp.*, 595 F.3d 219 (5th Cir. 2010) (rejecting imposition of duty on bank to monitor its customers' accounts for the benefit of non-customers because to do so would "unreasonably expand banks' orbit of duty"); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002) (finding no duty of care owed to a non-customer and noting "courts in numerous jurisdictions have held that a bank does not owe a duty of care to a non customer with whom the bank has no direct relationship"); *Fremont Reorganizing Corp. v. Duke*, 2011 WL 5024573 (E.D. Mich. 2011) (finding that the defendant bank owed the non-customer no duty of care); *El Camino Resources, LTD. v. Huntington Nat. Bank*, 722 F.Supp.2d 875 (W.D. Mich., 2010) ("Michigan law, in accord with the universal rule in this country, holds that a bank's relationship is with its customer and that the bank owes third parties [non-customers] no duty of care . . ."); *Columbia Land Co. v. Empson*, 305 Mich. 220 (1943) (finding that the defendant bank owed the non-customer no duty of care); *Portage Aluminum Co. v. Kentwood Nat'l Bank*, 106 Mich.App. 290, 307 N.W.2d 761, 764–65 (1981) (same). *See also In re Certified Question from the Fourteenth District Court of Appeals of Texas*, 479 Mich. 498, 507–09 (2007) ("A defendant does not have a duty to protect everybody from all foreseeable harms. Although foreseeability is a factor to be considered, other considerations may be, and usually are, more important.").

The Court finds that for purposes of this case, TWC's extension of credit for cable services is not unlike the extension of credit by the banks in the cases listed above. And, like the banks in those cases,

4

TWC is also victimized when identity thieves unlawfully use the information of unwitting parties to secure products and services. Accordingly, the Court finds that TWC owed no duty to Plaintiff.

## B. PLAINTIFF'S REQUEST TO AMEND

In his response to the instant Motion, Plaintiff requests the Court's permission to amend his Complaint to add a Libel count against TWC. This, however, was not the proper means of seeking the Court's leave to amend. "The Court will not entertain the request to amend unless it is submitted by a motion and a proposed amended complaint." *See Hutton v. GMAC Mortgage LLC*, 10-14715, 2012 WL 5252314 (E.D. Mich. Oct. 24, 2012) (citation omitted).

Nevertheless, Plaintiff's request must be denied for other reasons. It is appropriate to deny leave to amend when amendment would be "futil[e]." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also, Moss v. United States,* 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal for failure to state a claim upon which relief may be granted. *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 307 (6th Cir.2000); *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420–21 (6th Cir. 2000).

Libel claims in Michigan must be brought within the one-year statute of limitations. *See* MCL 600.5605(9) ("The period of limitations is 1 year for an action charging libel or slander."). Plaintiff's alleges that he learned about the purportedly incorrect credit information when his credit card application was denied in March of 2011. Plaintiff, however, waited until September, 2012, more than one year after the libel claim accrued, before filing suit against TWC. Accordingly, any libel claim against TWC is barred by the statute of limitations, fails to state a claim upon which the Court may grant relief, and therefore is futile for purposes of amending the Complaint.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 17] is GRANTED.

IT IS SO ORDERED.

Date:  August 29, 2013

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
U.S. DISTRICT JUDGE